# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| DAVID A. DODD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AETERNA ZENTARIS INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 9:17-cv-2382-PMD<br><br>**DEFENDANT'S MOTION TO COMPEL** |

Defendant Aeterna Zentaris Inc. ("Aeterna" or the "Company") respectfully moves this Court pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 37.01 for an order compelling Plaintiff David A. Dodd ("Dodd") to produce for forensic inspection all devices on which he has stored documents related to this litigation.

## INTRODUCTION

This discovery dispute arises from Plaintiff Dodd's pattern of attempting to prevent his former employer, Aeterna, from discovering all facts relevant to its defenses in this litigation. Dodd's pattern began upon his termination, when he copied sensitive corporate documents from his Company-owned laptop to personal devices, then had his Company-owned laptop wiped prior to its return to Aeterna. Since his termination, Aeterna has uncovered that, for months, Dodd, together with certain other Company employees, had been conspiring to acquire the Company's highly valuable product Macrilen in a management buyout, and planned on launching a proxy contest to oust the Board as part of this buyout scheme. Dodd had been concealing this plan, which he called "Project Rescue," from the Board.

As part of discovery in this litigation, Aeterna has sought all documents in Dodd's possession regarding Project Rescue. Based on documents that Aeterna was able to uncover on

its own servers with Dodd's digital fingerprints, Aeterna had reason to believe that Dodd had documents relevant to Project Rescue in his possession; however, he had failed to produce a single scrap of paper with that phrase on it. During discovery, Dodd revealed that, prior to having his Aeterna computer wiped, Dodd had copied sensitive corporate documents from his Company-owned laptop to personal devices, including documents related to Project Rescue. Only upon further demand from Aeterna did Dodd admit that he had not searched the folders containing documents responsive to Aeterna's requests. Aeterna has demanded and been refused not only the return of its sensitive corporate files, but also a reasonable third-party forensic search of these devices. Given Dodd's pattern of selective production and destruction of materials prior to their return to the Company, Dodd should be ordered to produce those devices containing documents related to Aeterna and this litigation for forensic imaging and search in accordance with the protocol proposed by Aeterna.

**FACTUAL BACKGROUND**

*A.     Dodd's Employment Agreement and Termination*

Aeterna is a Canadian biopharmaceutical company headquartered in Montreal, Quebec, Canada, with operations in Charleston, South Carolina. Plaintiff Dodd was employed as Aeterna's President and Chief Executive Officer ("CEO") from April 2013 until July 2017, and has been a member of the Board since 2013.

Dodd entered into an employment agreement with Aeterna dated April 15, 2013. *See* Ex. A.[1] Pursuant to the terms of that agreement, upon his termination, Dodd was required to return all Aeterna information to the Company:

> Any property of the Corporation, including any file . . . which comes into the Executive's control or possession during his employment with the Corporation in

---

[1] All references to "Ex." are references to the exhibits to the Declaration of Gerard G. Pecht, filed contemporaneously with this Motion.

> the performance or in the course of his duties, regardless of whether he has participated in its preparation or design, how it may have come under his control or into his possession and whether it is an original or a copy, shall at all times remain the property of the Corporation and, ***upon the termination of the Executive's employment, shall promptly be returned to the Corporation or its designated representative***. ***The Executive may not keep a copy or give one to a third party without the prior expressly written permission of the Chairman of the Board***.

Ex. A at § 11.1 (emphasis added).

On July 20, 2017, pursuant to the terms of the Employment Agreement between Aeterna and Dodd, Aeterna terminated Dodd's employment as President and CEO. Rather than promptly "return[ing]" the documents in his possession to Aeterna, Dodd caused his computer to be wiped, meaning that all potentially relevant documents, including his secret documents regarding his activities in Project Rescue, were completely destroyed prior to Dodd returning his Company-owned computer to the Company.

### B.     *Aeterna's Requests for Production*

Pursuant to the Court's Scheduling Order, the parties began to engage in discovery following a Rule 26(f) conference in the fall of 2017. Aeterna served discovery requests on Dodd on October 2, 2017. Ex. B. Dodd responded to those requests on November 1, 2017. Ex. C.

Among other things, Aeterna's requests for production of documents seek documents that support Aeterna's defenses. For example, Request No. 29 seeks "All documents regarding 'Project Rescue.'" Aeterna further identified specific documents related to Project Rescue for which it sought production of all copies and supporting documentation:

> All documents and communications regarding the July 10, 2017 document entitled "Outline of Proposed Agreement with Graeme Roustan," including all drafts of this document and all communications regarding this document, including communications using your personal email address.

Ex. B, Request No. 33.

> All documents and communications regarding the July 27, 2017 document entitled "Project Rescue Discussion Topics," including all drafts of this document, any comments you provided on this document, and all communications regarding this document, including communications using your personal email address.

*Id.*, Request No. 35.

### C.   *Dodd's Failure to Produce Relevant Documents*

At his deposition on February 22, 2018, Dodd disclosed that he had retained Aeterna documents upon his termination as President and CEO of the Company in anticipation of litigation against the Company:

> Q. But you took certain information; you told the Mac people to transfer that information to your new computer?
>
> A. Yes.
>
> Q. And that could have included these Project Rescue documents?
>
> A. No. What I did do was I took everything that was on there and put it on a disk. Because having been terminated, I knew I would need that for any potential litigation I would have with the company. I think we've --
>
> Q. So you --
>
> A. -- disclosed that. Right?
>
> Q. -- you have a full disk right now?
>
> A. I have a full disk right now.
>
> Q. With everything that was on your computer?
>
> A. With everything that was on my computer related to Aeterna Zentaris.

Ex. D, Deposition of David Dodd (Feb. 22, 2018), at 275:25-276:18. Mr. Dodd further indicated that he retained that disk in his "safekeeping." *Id.* at 277:17-21.

This retention of Company documents following his termination was a direct violation of his employment agreement. Moreover, Dodd revealed the existence of documents relevant to this litigation and responsive to Aeterna's document requests on those hard drives that had not

been produced in the litigation. Upon Aeterna's demand that the hard drive be produced, Dodd's counsel responded that Dodd had "misfiled" documents related to Project Rescue under a folder for privileged communications with counsel and, therefore, he "did not provide these files to his counsel and they were not produced." Dodd stated that he had since reviewed the documents in that folder and produced four additional documents. Those four documents contained only two copies of Project Rescue outlines. Dodd further refused to return the documents, citing his need for them as a member of the Company's board and as part of this litigation.

Given Dodd's refusal to return the drives containing Aeterna's data, Aeterna demanded that the drives be produced for forensic imaging and searching by a third party. Aeterna proposed a protocol with search terms to isolate potentially responsive documents and protect any personal information Dodd may have had stored on those same drives. Ex. E. On March 26, 2018, Dodd's counsel refused Aeterna's request to image and search the drives to ensure all responsive documents had been produced in this litigation. Ex. F. The parties have reached an impasse in negotiations on the forensic imaging of Dodd's computer.

## ARGUMENT AND AUTHORITIES

### I.     Aeterna Seeks Documents Relevant to This Litigation

Aeterna's document requests in this litigation have sought documents from Dodd that, among other things, support its defense that Dodd was properly terminated for cause. The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Aeterna has alleged defenses that Dodd breached his employment agreement by breaching his fiduciary duties to the Company by developing secret plans to acquire rights to Aeterna's product Macrilen for himself and mount a proxy contest for control of the Board. *See* Dkt. No. 24, Am. Answer, at 22. Aeterna's document requests seek documents

relevant to these defenses, including all documents related to Project Rescue. Dodd further agreed to produce "[a]ll responsive and non-privileged documents" related to Project Rescue. Ex. C at 7. These are proper requests within the scope of discovery.

## II.   Dodd's Failure to Produce Relevant Documents Necessitates Forensic Imaging and Search of His Devices

Dodd's demonstrated failure to produce documents relevant to this litigation and Aeterna's requests necessitate that his devices be forensically imaged and searched. Courts will compel a party to submit its electronic devices to forensic search where the party has demonstrably failed to search and produce documents relevant to the litigation. *See, e.g.*, *Koosharem Corp. v. Spec Personnel, LLC*, No. 6:08-583-HFF-WMC, 2008 WL 4458864 (D.S.C. Sep. 29, 2008) (granting motion to compel forensic imaging of party's computers where party failed to produce all relevant documents during discovery); *Ameriwood Indus., Inc. v. Liberman*, No. 4:06-cv-524-DJS, 2006 WL 3825291, at *3 (E.D. Mo. Dec. 27, 2006) ("[D]iscrepancies or inconsistencies in the responding party's discovery responses may justify a party's request to allow an expert to create and examine a mirror image of a hard drive."); *Oce North America, Inc. v. MCS Servs., Inc.*, No. WMN-10-0984, 2011 WL 197976 (D. Md. Jan. 20, 2011) (granting motion to compel forensic imaging of flash drives containing information relevant to party's claims by third-party expert forensic analyst); *Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443 (D. Conn. 2010) (ordering forensic imaging by computer forensic expert); *Peskoff v. Faber*, 251 F.R.D. 59 (D.D.C. 2008) (ordering forensic examination of computers and server).

Dodd has shown that he self-selected documents to produce in this litigation and failed to search all relevant folders. In fact, Dodd's counsel admitted that Dodd had failed to provide the folder containing documents key to Aeterna's defenses to his own counsel for potential

production. Dodd has demonstrated a pattern of withholding documents from Aeterna—first by having his computer wiped upon his termination, and then by failing to produce documents central to Aeterna's defenses in this litigation due to his self-selection of responsive documents. He cannot be relied upon to identify the documents responsive to Aeterna's requests.

Further, Dodd's production to date has been insufficient in regards to documents related to Aeterna's defenses. Prior to his deposition, Dodd had not produced a single file that Aeterna was able to identify related to his plans to acquire the Company's product and launch a proxy contest for the Company, which Aeterna has learned from documents was referred to as "Project Rescue." However, from the documents that Aeterna identified in its own Company files that Dodd had created during his tenure at the Company, Dodd's digital fingerprints were on numerous Project Rescue documents. Only after Dodd admitted on the record that he still had in his possession documents related to Project Rescue did he actually produce those documents. That production consisted of only four documents. Dodd's self-selection of documents to produce in this litigation has been insufficient, and demonstrates a need for a forensic search of all drives on which he stored potentially relevant documents.

Aeterna proposed a reasonable protocol for the inspection of the drives that Dodd identified in his possession containing documents related to Aeterna. Aeterna proposed that the devices on which Dodd maintained data related to this litigation be provided to Aeterna's forensic analyst, who would create a forensic image of the search to be securely maintained throughout the pendency of this litigation. Aeterna then identified search terms to be run across the drives; responsive documents would be produced, but Aeterna would not have access to non-responsive documents, to maintain potentially private and wholly irrelevant documents also

- 8 -

contained on the same electronic devices.  *See* Ex. E.  Dodd has refused Aeterna's request.  *See* Ex. F.

Given Dodd's demonstrable failure to produce documents relevant to Aeterna's defenses and his refusal to submit his drives for forensic imaging and searches, Dodd must be compelled to produce his drives for such forensic imaging and search to identify documents responsive to this litigation.

## CONCLUSION

For the foregoing reasons, Aeterna respectfully requests that the Court order Dodd to produce all electronic devices on which material related to the claims and defenses in this lawsuit is stored for forensic imaging and inspection by a third-party forensic analyst.

- 9 -

Dated: April 16, 2018                          Respectfully submitted,

                                               K&L GATES LLP


                                               s/ J. Walker Coleman, IV
                                               J. Walker Coleman, IV (Fed. ID No. 6007)
                                               walker.coleman@klgates.com
                                               Meg E. Sawyer (Fed. ID No. 12940)
                                               meg.sawyer@klgates.com
                                               134 Meeting Street, Suite 500
                                               Charleston, SC 29401
                                               Telephone:  (843) 579-5627
                                               Facsimile:  (843) 579-8827

                                               NORTON ROSE FULBRIGHT US LLP

                                               Gerard G. Pecht (admitted *pro hac vice*)
                                               gerard.pecht@nortonrosefulbright.com
                                               Lana M. Rowenko (admitted *pro hac vice*)
                                               lana.rowenko@nortonrosefulbright.com
                                               1301 McKinney, Suite 5100
                                               Houston, TX  77010-3095
                                               Telephone:  (713) 651-5151
                                               Facsimile:  (713) 651-5246

                                               *Attorneys for Defendant Aeterna Zentaris Inc.*

## CERTIFICATE OF SERVICE

I certify that, on April 16, 2018, a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system, which caused an electronic copy of this document to be served on all counsel of record who have appeared in this matter.

s/ J. Walker Coleman, IV<br>
J. Walker Coleman, IV

## CERTIFICATE OF CONFERENCE

I certify that pursuant to Local Rule 7.02, counsel for Defendant conferred with counsel for Plaintiff and was unable to resolve the matter contained in this Motion.

s/ J. Walker Coleman, IV<br>
J. Walker Coleman, IV