# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| David A. Dodd, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:17-cv-2382-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Aeterna Zentaris Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff David A. Dodd's motion to compel (ECF No. 29). He seeks two types of documents in his motion. First, he requests minutes from Aeterna Zentaris Board meetings. Defendant initially objected to the scope of the request, particularly given that Plaintiff was a member of the Board during the applicable timeframe and should already have the minutes. In fact, as the parties worked to resolve their disagreement over this request, Plaintiff produced some of the minutes from the applicable timeframe. In its response to the motion, Defendant agreed to provide any minutes responsive to Plaintiff's request that he still does not have. Consequently, although there no longer appears to be a dispute with respect to this request, Defendant is ordered to produce any minutes that Plaintiff does not have for the applicable timeframe.

Second, Plaintiff requests documents related to Defendant's consultation with Norton Rose Fulbright LLP regarding his potential termination. Defendant's subsequent decision to terminate Plaintiff forms the basis for this action. Defendant argues that the motion is untimely. Plaintiff first requested these documents from Defendant on August 15, 2017. On November 6, Defendant objected to the request on the basis of attorney-client privilege and the work-product doctrine. On November 22, Plaintiff contacted Defendant reiterating his request and stating his

belief that the documents were not privileged. On December 4, the parties conferred by phone and Defendant maintained its objection, which was stated again in its supplemental objections on December 15.

Local Civil Rule 37.01(A) provides that "[m]otions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed." The parties agree that under this rule, Plaintiff's time to file a motion to compel production of these documents expired on December 26, 2017, twenty-one days after the December 4 phone call. However, Plaintiff did not file his motion to compel until February 2, 2018. While the Court considers late motions to compel when a party has offered a good reason for the delay, *see, e.g. CresCom Bank v. Terry*, No. 2:12-cv-63-PMD, 2013 WL 3946222, at *1–2 (D.S.C. July 31, 2013), Plaintiff has offered essentially no excuse for his delay. Plaintiff's explanation provides only that the parties were still exchanging documents on December 26 and that Defendant is not prejudiced by his delay. The Court finds this excuse insufficient. As Plaintiff emphasizes in his motion and reply, Defendant never wavered from its position that the Norton Rose Fulbright documents were privileged. The Court finds no reasonable explanation for Plaintiff's delay of over a month beyond the time provided by the rule. Accordingly, Plaintiff's motion to compel documents relating to the consultation with Norton Rose Fulbright LLP is denied as untimely. *See Cardoso v. Holder Constr. Co.*, No. 2:16-cv-1058-PMD, 2017 WL 976315, at *1–2 (D.S.C. Mar. 14, 2017) (denying untimely motion to compel).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion is **DENIED**.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**May 2, 2018**
**Charleston, South Carolina**